# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 5:24-CV-195 (MTT) |
| ST VINCENT DE PAUL CARDINAL MANNING CENTER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On June 21, 2024, pro se plaintiff Cedric Greene filed his complaint (Doc. 1) and moved to proceed *in forma pauperis* ("IFP").[1]  Docs. 2; 4.  On January 10, 2025, the Court granted Greene's motion to proceed IFP and ordered Greene to show cause within twenty-one days why his complaint should not be dismissed for lack of personal and subject matter jurisdiction.  Because Greene has failed to show cause, this case is dismissed for lack of subject matter jurisdiction.[2]

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See id*.  A party seeking relief in the district court must at least plead facts that bring the suit within the

---

[1] Greene filed his original motion to proceed IFP the same day he filed his complaint.  Doc. 2.  On July 22, 2024, without leave of Court, he filed an amended complaint and motion to proceed IFP.  Docs. 3; 4.

[2] The Court also notes that Greene has not provided any basis for the Court to exercise personal jurisdiction over St. Vincent De Paul Cardinal Manning Center or to find that venue exists in this district given that all relevant events occurred in Los Angeles.

court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).  A federal court has the independent duty to ensure that it has subject matter jurisdiction and may take up the issue of such jurisdiction on its own.  *McIntosh v. Royal Caribbean Cruises, Ltd*, 5 F.4th 1309, 1312 (11th Cir. 2021).  Before doing so, a court must give the parties notice and an opportunity to present their views on the issue.  *Id*.

Despite notice and an opportunity to show cause, Green has failed to establish this Court's subject matter jurisdiction.  Greene purports to bring this case under "federal question" jurisdiction.  Doc. 3-1 at 1.  "It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936).  Here, Greene not only fails to cite any federal authority or allege facts essential to show jurisdiction, but the Court cannot discern a federal claim against St. Vincent De Paul that would allow him to proceed in federal court under 28 U.S.C. § 1331.

Although Greene does not plead diversity jurisdiction, the Court notes that he has nonetheless failed to establish it.  Both Greene and St. Vincent De Paul are located in California, thereby defeating any diversity jurisdiction.  *See Travaglio v. Am. Express Co..* 735 F.3d 1266, 1268 (11th Cir. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") (internal citations and quotations omitted).  Moreover, Greene's claimed damages fall well below the $75,000 threshold to bring suit in federal court.  *See* 28 U.S.C. § 1332(a); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

For the foregoing reasons, this matter is **DISMISSED without prejudice**.

-3-

**SO ORDERED**, this 3rd day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
